**Larry Bernard KEYS, Petitioner–Appellant,**

v.

**Gail LEWIS, Warden, Respondent–Appellee.**

**No. 00–15714.**
**D.C. No. CV–99–01023–WBS.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 15, 2001.

Decided Aug. 1, 2001.

Before SCHROEDER, Chief Judge,
LAY,* and BOOCHEVER, Circuit Judges.

### MEMORANDUM **

Larry Bernard Keys, a California state prisoner, challenges his 1996 convictions for assault with a firearm, willful infliction of corporal injury upon a cohabitant, use of a firearm in the commission of a felony, and use of a deadly or dangerous weapon in the commission of a felony. In this petition for a writ of habeas corpus, Keys argues that he was denied effective assistance of counsel and that there was juror misconduct in connection with a pretrial conversation he had with a prospective juror who was subsequently seated on the jury.

Keys brought the episode to the attention of the state trial court on a post-trial motion for a new trial on the ground of juror bias. The court conducted an evidentiary inquiry, and two versions of the facts were presented. Under the defendant's version, the juror indicated bias. But according to the juror's account, the conversation did not reflect any bias on the part of the juror.

■ Under clearly established law, a finding that a juror was actually biased entitles the defendant to a new trial. *See Dyer v. Calderon*, 151 F.3d 970, 973 n. 2 (9th Cir.1998)(en banc). The state court concluded that it could find no grounds for a new trial. Although defendant contends that the findings were inadequate, it is quite apparent from the record that the district court accepted the juror's account

of the conversation, and hence found that the juror lacked actual bias.

In the alternative, Keys contends that his lawyer provided ineffective assistance of counsel when the lawyer refused to permit him to interrupt ongoing voir dire in order to tell the lawyer of Keys' conversation with the prospective juror. It is true, as the state trial court commented in deciding the motion for a new trial, that had the attorney known of the conversation, the information may have resulted in the juror being excused for cause. The requirements of deficient performance and prejudice required by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), however, are lacking.

AFFIRMED.

---

* The Honorable Donald P. Lay, Senior Circuit
Judge for the Eighth Circuit sitting by desig-
nation.

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.